J-A35035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| GREGORY BROWN, | |
| Appellee | No. 289 WDA 2014 |

Appeal from the PCRA Order entered February 19, 2014,
in the Court of Common Pleas of Allegheny County,
Criminal Division,  at No(s): CP-02-CR-0006028-1996
& CP-02-CR-0008170-1996

BEFORE:  BENDER, P.J.E., DONOHUE, and ALLEN, JJ.

DISSENTING MEMORANDUM BY ALLEN, J.:          **FILED MARCH 20, 2015**

I respectively dissent from the Majority's conclusion affirming the PCRA court's grant of post-conviction relief.  Prior to Appellee's trial it was public knowledge that a reward was offered for information resulting in his arrest and conviction.  Two witnesses testified for the Commonwealth at trial, and, in return, could expect/anticipate a payment from the reward fund.  Both witnesses received remuneration almost two years later.  In light of these "facts," I cannot accept the PCRA court's conclusion that Appellee met any exception to the PCRA's time bar.

After my careful review of the record, I reject the premise asserted by Appellee, and accepted by the PCRA court and the Majority at 25-26, that his appeal was timely because of the "newly discovered fact" that two Commonwealth witnesses were essentially promised a sum certain in reward

money for their testimony, and that the Commonwealth placed "a cloak of secrecy around these payments." N.T., 5/24/12, at 555 (Appellee's argument).

On direct appeal, this Court observed that "[Appellee] knew of the existence of the reward offers, and [Appellee] had the opportunity to question witnesses at trial about whether any reward or other consideration had been offered to them in return for their testimony[.]" **See Commonwealth v. Brown, Jr.**, 750 A.2d 364 (Pa. Super. 1999), unpublished memorandum at 14. We further determined that no **Brady** violation occurred, because information regarding the reward was "equally accessible to both parties." **Id.** at 16. Thus, even though, years later, the Innocence Institute at Point Park University uncovered "new evidence" which ultimately led to the PCRA court's conclusion that two Commonwealth witnesses were promised a sum certain by an ATF agent, the "fact" remains that the "promise" of a reward was public information. **See Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013) (reiterating that to constitute "facts," as the term is used in Section 9545(b)1(ii) of the PCRA, "the information must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source").

Finally, although the Majority cites trial counsel's post-conviction testimony that he did not know of the reward offer until after he gave his closing argument, Majority at 13, the reward offer was a public fact in 1995.

In other words, trial counsel should have known this "fact." Appellee's true claim for post-conviction relief is based upon the ineffectiveness of trial counsel—a claim upon which Appellee earlier failed to seek post-conviction relief. *See Commonwealth v. Edmiston*, 65 A.3d at 349 (affirming PCRA court's dismissal of the petitioner's second PCRA petition because it was untimely; petitioner failed to "carry his burden of establishing that he was not aware of the factual predicate of his claim at the time of trial and that succeeding counsel could not, with the exercise of due diligence, have presented" the claim earlier than in a PCRA petition filed sixteen years following his conviction).

In light of the foregoing, I conclude that Appellee's serially amended PCRA petition is untimely, and that the PCRA court erred in concluding that it had jurisdiction. Thus, I would reverse the PCRA court's order granting Appellee post-conviction relief.